IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DARRELL GENE ELOGE,** | ) | **CASE NO. 4:07CV3187** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **ADRIEAM BARTEK, and** | ) | |
| **BRENT VINDERSLEV,** | ) | |
| | ) | |
| **Defendants.** | ) | |

The plaintiff was given until September 4, 2007, to show cause why this case should not be dismissed for failure to apprise the court of his current address and for want of prosecution. On August 30, 2007, the plaintiff responded to the show cause order by filing a notice of his current address and phone number. The plaintiff has been released from custody.

The plaintiff was a prisoner when he filed his complaint, and upon his motion, was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(2) and (b). No portion of the filing fee has been paid as of the date of this order.

Since the plaintiff is no longer incarcerated, he must now file a new Application for Leave to Proceed IFP if he wishes to continue pursuing this case in forma pauperis. See, e.g., McGann v. Comm'r, Social Security Admin., 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners."). He may also choose to pay the $350.00 filing fee. However, if the plaintiff fails to either file a new IFP application or pay the $350.00 filing fee by October 12, 2007, this case will be subject to dismissal without further notice.

IT IS ORDERED:

1.      The Clerk of Court shall send the plaintiff the form for requesting leave to proceed IFP;

2.      By October 12, 2007, the plaintiff shall either file a new Application to Proceed in Forma Pauperis ("IFP") or pay the court's $350 filing fee.  If the plaintiff fails to comply with this Order, the above-entitled case may be subject to dismissal after October 12, 2007, without further notice;

3.      The plaintiff is reminded to keep the court informed of his current address at all times while this case is pending; failure to do so could result in dismissal;

4.      The clerk shall terminate the September 4, 2007, pro se case management deadline for Pro Se Case Management Deadline for plaintiff to show cause why this case should not be dismissed for failing to maintain a current address with the court; and

5.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: October 12, 2007–deadline for payment of filing fee or filing of IFP application.

DATED this 25th day of September, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge