**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **DARRELL GENE ELOGE,** ) | **CASE NO. 4:07CV3187** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **ADRIEAM BARTEK, and** ) | |
| **BRENT VINDERSLEV,** ) | |
| ) | |
| **Defendants.** ) | |

The plaintiff filed his pro se complaint on July 20, 2007. Filing No. 1. Plaintiff has been given provisional leave to proceed in forma pauperis. Filing No. 12. The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I.   INITIAL REVIEW OF COMPLAINT**

  **A.   Summary of Complaint**

The plaintiff alleges that on June 28, 2007, while confined in the Saunders County Jail, he was sexually assaulted by defendant Bartek, a guard at that facility. The plaintiff claims defendant Bartek placed the plaintiff in the jail intake room, and then grabbed the plaintiff's groin while the plaintiff was in full restraints. According to the plaintiff's complaint, no one else was present or observed this incident. The plaintiff was allegedly in severe pain, and was taken to the hospital. The plaintiff alleges he was again seen by a doctor on June 29, 2007, who noted that the plaintiff's testicles were bruised. The plaintiff seeks compensatory damages for his pain, suffering, and humiliation.

**B.    Applicable Legal Standards on Initial Review**

The court is required to review an in forma pauperis complaint seeking relief to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. Conley v. Gibson, 355 U.S. 41, 45-46 (1967); Burke v. North Dakota Dept. of Corrections and Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002).

Whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. Stringer v. St. James R-1 School Dist., 446 F.3d 799 (8th Cir. 2006). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Stringer, 446 F.3d at 802 (internal citations and quotation marks omitted).

**C.    Discussion of Claims.**

The plaintiff's complaint seeks relief from defendant Bartek and defendant Vinderslev, both of whom were acting in their capacity as guards at the Saunders County Jail on the night of the alleged incident. The plaintiff's complaint is silent about the capacity in which he is suing these defendants. Therefore, the court interprets the complaint as including only official-capacity claims. "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official

capacity." Baker v. Chisom, 2007 WL 2416362, *2 (8th Cir. 2007).   Accordingly, the plaintiff's complaint currently alleges a claim against Saunders County, Nebraska.

When seeking § 1983 recovery from a governmental entity, such as a county, the plaintiff must identify a governmental policy or custom that caused the plaintiff's injury. Brockinton v. City of Sherwood, AR, 2007 WL 2873564, *5 (8th Cir. 2007).  In addition, the county cannot be held liable on either an unconstitutional policy or custom theory absent a threshold finding of individual liability on the underlying substantive claim.  McCoy v. City of Monticello, 411 F.3d 920, 922 (8th Cir. 2005).  The plaintiff's complaint does not allege the existence of any Saunders County policy or custom that caused the plaintiff's injury. The plaintiff has failed to state a claim against the county.

Sexual assault is "not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries" under § 1983 .  Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998).  However, as to defendant Vinderslev, the plaintiff merely states that about five minutes before the plaintiff was allegedly assaulted in the jail intake room, defendants Vinderslev and Bartek were together in that room.   Defendant Vinderslev was not, however, in the room when the alleged incident occurred.   Such allegations fail to state any claim or potential claim against defendant Vinderslev.

The plaintiff's complaint fails to state a claim on which relief may be granted.  As to defendant Vinderslev, the plaintiff's claim will be dismissed.  As to the remainder of the complaint, the plaintiff will be afforded the opportunity to file an amended complaint.

IT IS ORDERED that:

1. The plaintiff's claim against Defendant Vinderslev is dismissed with prejudice;

2. The plaintiff is given until November 27, 2007, to file an amended complaint, in the absence of which the plaintiff's complaint and this action will be dismissed without further notice;

3. The Clerk of court is directed to set a pro se case management deadline in this case using the following text:  November 27, 2007–deadline for filing amended complaint; and

4. Plaintiff shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

DATED this 29th day of October, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge