# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DARRELL GENE ELOGE,** | CASE NO. 4:07CV3187 |
| **Plaintiff,** | |
| v. | **MEMORANDUM AND ORDER** |
| **ADRIEAM BARTEK,** | |
| **Defendant.** | |

This matter is before the court on its own motion. On October 29, 2007, this court conducted an initial review of Plaintiff's complaint. (Filing No. 13.) In its October 29, 2007, memorandum and order, the court permitted Plaintiff to amend his complaint in order to state a claim upon which relief may be granted. (Filing No. 13 at CM/ECF p. 3.) In particular, Plaintiff was permitted to amend his complaint in order to allege "the existence of any Saunders County policy or custom that caused the plaintiff's injury." (*Id.*)

On November 16, 2007, Plaintiff filed an amended complaint. (Filing No. 14.) However, Plaintiff's amended complaint suffers from the same defects as his original complaint. Liberally construed, Plaintiff's amended complaint fails to identify any county policy or custom that caused his injury. As such, Plaintiff has not set forth enough factual allegations to "nudge[ his] claims across the line from conceivable to plausible." *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Plaintiff's amended complaint fails to state a claim upon which relief may be granted and must be dismissed.

IT IS THEREFORE ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(i), Plaintiff's amended complaint is dismissed without prejudice because it fails to state a claim upon which relief may be granted; and

2. A separate judgment will be entered in accordance with this memorandum and order.

DATED this 7th day of January, 2008.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge